IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUILLERMO MEDRANO AND KRISTA CHANEY, PEDRO AND ALMA GUERRA<br>PLAINTIFFS<br><br>VS.<br><br>STANDARD GUARANTY INSURANCE COMPANY<br>DEFENDANT | § § § § § § § § § § | CASE NO. 7:15-cv-75 |

**STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

1. Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446 as follows:

## I. INTRODUCTION

2. This case is removable because all proper parties to this litigation are citizens of different states and the matter in controversy exceeds $75,000.00.

## II. COMMENCEMENT AND SERVICE

3. The underlying lawsuit was commenced on January 27, 2015, when Plaintiffs filed their Original Petition and Request for Disclosure ("Original Petition") in the 332nd Judicial District Court of Hidalgo County, Texas, styled Cause No. C-0366-15-F, *Guillermo Medrano and Krista Chaney, Pedro and Alma Guerra v. Standard Guaranty Insurance*.[1] Plaintiffs served Standard Guaranty via certified mail, return receipt requested through the District Clerk's office with a summons on February 3, 2015.

4. This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed

---

[1] *See* Exhibit B-1, Original Petition and Request for Disclosure.
486238-v1/10977-294000

within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III. GROUNDS FOR REMOVAL

5.      Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV. DIVERSITY OF CITIZENSHIP

6.      This is an action with complete diversity of citizenship between Plaintiffs and the Defendant.

7.      Plaintiffs are citizens of Texas.

8.      Standard Guaranty is organized under the laws of Delaware with its principal place of business in Atlanta, Georgia.  Standard Guaranty is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.[2]

9.      No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

### V. PLAINTIFFS' ALLEGATIONS

10.     The Original Petition alleges several causes of action stemming from Standard Guaranty's adjustment of Plaintiffs' claims for property damages made under two separate Texas homeowners' insurance policies.  The causes of action alleged include breach of contract, Deceptive Trade Practice Act violations, unfair claims practices, breach of duty of good faith and fair dealing and Prompt Payment Act violations.

---

[2] *See* Exhibit I, Kroll Affidavit.

## VI. AMOUNT IN CONTROVERSY

11.  Plaintiffs' Original Petition ("Petition") provides that the amount in controversy is "in excess of the minimum jurisdictional limits of this Court". The Petition does not state a specific amount in controversy. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages (as is the case here) has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount. *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A). If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers, (ii) making an independent appraisal of the amount of the claim, or (iii) remanding the case. *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits). If this Court makes an independent appraisal of the amount of Plaintiffs' claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy of the causes of action brought by Plaintiffs exceeds $75,000.00.

A.  **THE AMOUNT IN CONTROVERSY OF THE CLAIMS BROUGHT BY PLAINTIFFS GUILLERMO MEDRANO AND KRISTA CHANEY EXCEEDS $75,000.**

12.  The amount in controversy that Medrano and Chaney claim in this case exceeds $75,000.00. Courts in the Fifth Circuit frequently look to demand letters to ascertain the amount in controversy. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000)

(considering demand letter to determine amount in controversy). Here, Medrano and Chaney served Standard Guaranty with a demand letter seeking economic damages of $40,495.31, and attorney's fees of $7,289.16.[3] These amounts do not include additional damages sought by the Original Petition, such as treble damages, punitive damages, statutory interest at the rate of 18% per year, and attorneys' fees incurred through trial.[4] Adding Medrano and Chaney's claimed treble damages ($121,485.93), and attorney fees to date ($7,289.16) alone amounts to $128,775.09.[5] Furthermore, based on the claims asserted and the intricate issues involved, the amount of attorneys' fees sought will greatly increase throughout the course of litigation. *St. Paul Reinsurance Co., Ltd. V. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (stating that amount in controversy should include potential attorney's fees incurred through trial). Additionally, the Medrano and Chaney policy of insurance has a policy limit of $118,105.00.[6] This policy implicates an amount in controversy well above $75,000.00. *See* e.g. *Santiago v. State Farm Lloyds*, No. 7:13-cv-83, 2013 WL 1880845, at *3 (S.D. Tex. May 3, 2013). Accordingly, the Original Petition, demand letter and policy limits establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

    **B.** **THE AMOUNT IN CONTROVERSY OF THE CLAIMS BROUGHT BY PLAINTIFFS PEDRO AND ALMA GUERRA EXCEEDS $75,000.**

---

[3] Exhibit G, Medrano/Chaney January 20, 2015, Demand Letter, at p. 4.

[4] *See* Exhibit B-1, Original Petition, at pp. VII, X, XII; *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co.*, 134 F.3d at 1253 ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[5] Exhibit G, Medrano and Chaney January 20, 2015, Demand Letter, at p. 4.

[6] Exhibit J, Medrano/Chaney Policy.

486238-v1/10977-294000

13. The amount in controversy of the Guerra's claim in this case exceeds $75,000.00. Courts in the Fifth Circuit frequently look to demand letters to ascertain the amount in controversy. *Addo*, 230 F.3d at 761 (considering demand letter to determine amount in controversy). Here, the Guerra's served Standard Guaranty with an $108,406.41 demand letter seeking economic damages of $73,495.87, and attorney's fees of $13,229.26.[7] These amounts do not include additional damages sought by the Original Petition, such as treble damages, punitive damages, statutory interest at the rate of 18% per year, attorneys' fees incurred through trial, and costs.[8] Adding the Guerra's claimed treble actual damages ($220,487.61) and attorneys' fees ($13,229.26) alone amounts to $233,716.87. Accordingly, the Original Petition and demand letter establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

C. **THIS COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER CLAIMS FAILING TO MEET THE MINIMUM JURISDICTIONAL LIMITS OF THIS COURT.**

14. The Court should exercise its powers of supplemental jurisdiction to retain this entire case should the Court find that some but not all Plaintiffs satisfy the requisite amount in controversy.[9] The Supreme Court held that when one plaintiff in an action satisfies the amount in controversy requirements of diversity jurisdiction, Section 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same case or controversy that are less than the $75,000.00.[10] Specifically, the Supreme Court stated, "[w]hen the well-pleaded complaint

---

[7] Exhibit H, Guerra January 26, 2015, Demand Letter, at p. 4.

[8] Exhibit B-1, Original Petition, at pp. VII, X, XII; *U.S. Fire Ins. Co.*, 242 F.3d at 284 (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co.*, 134 F.3d at 1253 ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[9] *See* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . .").

[10] *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005).

contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim."[11]  As such, this court has original jurisdiction of this matter if only a single plaintiff satisfies the amount in controversy requirement.[12]  Because at least one Plaintiff in this matters asserts claims above the jurisdictional requirement, this Court should exercise its supplemental jurisdiction over the remaining claims in this case.

## VII. VENUE

15.     Venue lies in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiffs filed the state court action in this judicial district and division.

## VIII. NOTICE

16.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## IX. STATE COURT PLEADINGS

17.     Copies of all state court pleadings and orders are attached to this Notice of Removal.

## X. EXHIBITS TO NOTICE OF REMOVAL

18.     Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A. All executed process in the case;

---

[11] *Id.*, at 559.

[12] *See Cano v. Peninsula Island Resort & Spa, LLC*, CIV.A.1:09-121, 2010 WL 1790722, at*3 (S.D. Tex. May 4, 2010) (exercising supplemental jurisdiction over separate plaintiff's claims that were under the amount in controversy).

486238-v1/10977-294000

B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

1. Plaintiffs' Original Petition and Request for Disclosure

C. Docket sheet;

D. An index of matters being filed;

E. A list of all counsel of record, including addresses, telephone numbers and parties represented;

F. Civil Cover Sheet;

G. Medrano and Chaney's January 20, 2015, Demand Letter;

H. Guerra's January 26, 2015, Demand Letter;

I. Affidavit of E. James Kroll;

J. Medrano and Chaney Policy; and

K. Guerra Policy.

19. There are no orders signed by the state court judge.

## XI. JURY DEMAND

20. Plaintiffs have demanded a jury in the state court proceeding.

## XII. CONCLUSION

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 332nd Judicial District Court of Hidalgo County, Texas to this Court.

Dated: February 19, 2015.

        Respectfully submitted,

        /s/ Carter L. Ferguson
        Carter L. Ferguson
        Federal I.D. 33538
        State Bar No. 06909500
        Email:  cferguson@belaw.com

        Brackett & Ellis
        100 Main Street
        Fort Worth, Texas 76102
        Telephone: (817) 338-1700
        Facsimile:  (713) 337-8850

        *Attorney-in-Charge for Defendant Standard Guaranty Insurance Company.*

*Of Counsel:*

April F. Robbins
Federal I.D.  14875
State Bar No. 16983470
Email:  arobbins@belaw.com

Brackett & Ellis
100 Main Street
Fort Worth, Texas 76102
Telephone: (817) 338-1700
Facsimile:  (713) 337-8850

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to the applicable Federal Rules of Civil Procedure on this 19th day of February, 2015 as follows:

Pape Malick Djiba                         **Via Electronic Filing**
Aloysius Peter Thaddeus, Jr.
Vincente Gonzalez
The Law Offices of V. Gonzalez &
Associates, P.C.
121 N. 10th Street
McAllen, TX 78501

                                        */s/  Carter L. Ferguson*
                                            Carter L. Ferguson