# EXHIBIT B

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0366-15-F**
CAUSE NUMBER _____

| | | |
|---|---|---|
| GUILLERMO MEDRANO AND KRISTA CHANEY, PEDRO AND ALMA GUERRA | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HIDALGO COUNTY, TEXAS |
| STANDARD GUARANTY INSURANCE COMPANY | § § § § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GUILLERMO MEDRANO AND KRISTA CHANEY, PEDRO AND ALMA GUERRA (hereinafter referred to as ("PLAINTIFFS"), and file their first Original Petition against DEFENDANT, STANDARD GUARANTY INSURANCE COMPANY for cause of action would respectfully show the Court the following:

I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 3.

II. Service of Process

Defendant, STANDARD GUARANTY INSURANCE COMPANY, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service:

1

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

STANDARD GUARANTY INSURANCE COMPANY, 260 INTERSTATE NORTH CIR SE, ATLANTA, GA 30339-2210.

STANDARD GUARANTY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by STANDARD GUARANTY INSURANCE COMPANY in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;

2. The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5. The adjusting and inspection of PLAINTFFS insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

Venue of this action is proper in Hidalgo County, Texas because: the policy at issue was issued and delivered in Hidalgo County, Texas; the property insured is situated

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

in Hidalgo County, Texas; PLAINTIFFS losses occurred in Hidalgo County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS claims and causes of action occurred in Hidalgo County, Texas.

IV. Facts

STANDARD GUARANTY INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFFS in this complaint. PLAINTIFFS **(GUILLERMO MEDRANO AND KRISTA CHANEY)** own the property located at: 3507 N. VODKA DR. PHARR, TEXAS 78577-7803, **POLICY NO.:** SLS 694 065 8000, **CLAIM NO.:** 00101692309. PLAINTIFFS **(PEDRO AND ALMA GUERRA)** own the property located at: 913 PALM CIRCLE, EDINBURG, TEXAS 78542, **POLICY NO.:** SLS 072 962 15652, **CLAIM NO.:** 001 016 869 33. STANDARD GUARANTY INSURANCE COMPANY provided coverage to the PLAINTIFFS for such building, personal property, and other matters under STANDARD GUARANTY INSURANCE COMPANY (GUILLERMO MEDRANO AND KRISTA CHANEY) POLICY NO.: SLS 694 065 8000 and (PEDRO AND ALMA GUERRA) POLICY NO.: SLS 072 962 15652. During the term of said policy, PLAINTIFFS (GUILLERMO MEDRANO AND KRISTA CHANEY) sustained covered loss in the form of a rain/windstorm event that occurred on or about **August 13, 2014** in Hidalgo County, and water damages resulting there from, including damage to the architectural finishes of the property.

During the term of said policy, PLAINTIFFS (PEDRO AND ALMA GUERRA) sustained covered loss in the form of a rain/windstorm event that occurred on or about **May 28, 2014** in Hidalgo County, and water damages resulting there from, including

Case 7:15-cv-00075 Document 2-2 Filed in TXSD on 02/19/15 Page 5 of 16

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to STANDARD GUARANTY INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result, PLAINTIFFS property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS insurance policy with STANDARD GUARANTY INSURANCE COMPANY. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of STANDARD GUARANTY INSURANCE COMPANY'S conduct.

## V. Conditions Precedent

All notices and proofs of loss were timely and properly given to STANDARD GUARANTY INSURANCE COMPANY in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to STANDARD GUARANTY INSURANCE COMPANY. All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFFS recovery has occurred and/ or has been performed, STANDARD GUARANTY INSURANCE COMPANY have failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

4

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0366-15-F**

PLAINTIFFS purchased an insurance policy with STANDARD GUARANTY INSURANCE COMPANY. PLAINTIFFS' property was damaged by windstorm and water damage, of which are covered under the insurance policy. STANDARD GUARANTY INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFFS covered claims. STANDARD GUARANTY INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS claims for damages. STANDARD GUARANTY INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of STANDARD GUARANTY INSURANCE COMPANY was irresponsible, and unconscionable. STANDARD GUARANTY INSURANCE COMPANY took advantage of the PLAINTIFFS lack of sophistication in insurance and construction matters to a grossly unfair degree. STANDARD GUARANTY INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of STANDARD GUARANTY INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFFS.

  VII. Second Cause of Action: DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, STANDARD GUARANTY INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS damages:

Case 7:15-cv-00075   Document 2-2   Filed in TXSD on 02/19/15   Page 7 of 16

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

(a) STANDARD GUARANTY INSURANCE COMPANY made false representations about PLAINTIFFS rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b) STANDARD GUARANTY INSURANCE COMPANY actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) STANDARD GUARANTY INSURANCE COMPANY failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by STANDARD GUARANTY INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d) As described above, STANDARD GUARANTY INSURANCE COMPANY violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

STANDARD GUARANTY INSURANCE COMPANY took advantage of PLAINTIFFS lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS property. STANDARD GUARANTY INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFFS for which PLAINTIFFS sues. The conduct of the

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

STANDARD GUARANTY INSURANCE COMPANY was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, STANDARD GUARANTY INSURANCE COMPANY may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII. Unfair Insurance Practices

STANDARD GUARANTY INSURANCE COMPANY failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. STANDARD GUARANTY INSURANCE COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. STANDARD GUARANTY INSURANCE COMPANY has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, STANDARD GUARANTY INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and have intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which STANDARD GUARANTY INSURANCE COMPANY is fully aware. STANDARD GUARANTY INSURANCE COMPANY has concealed damage known by them to exist. STANDARD GUARANTY INSURANCE COMPANY has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS pleas for help. STANDARD GUARANTY INSURANCE COMPANY has failed to warn PLAINTIFFS of consequential damage to their property.

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0366-15-F**

By its conduct outlined above, STANDARD GUARANTY INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STANDARD GUARANTY INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) STANDARD GUARANTY INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) STANDARD GUARANTY INSURANCE COMPANY failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) STANDARD GUARANTY INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) STANDARD GUARANTY INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

(5) STANDARD GUARANTY INSURANCE COMPANY failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

8

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

(6) STANDARD GUARANTY INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) STANDARD GUARANTY INSURANCE COMPANY compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) STANDARD GUARANTY INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) STANDARD GUARANTY INSURANCE COMPANY undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) STANDARD GUARANTY INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

   (a) STANDARD GUARANTY INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

      (i) the terms of the policy; and/or

9

(ii) the benefits or advantages promised by the policy.

(b) STANDARD GUARANTY INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c) STANDARD GUARANTY INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) STANDARD GUARANTY INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e) Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f) Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16).

STANDARD GUARANTY INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

IX. Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS claims were presented to STANDARD GUARANTY INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there

10

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS claims, STANDARD GUARANTY INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, STANDARD GUARANTY INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. STANDARD GUARANTY INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STANDARD GUARANTY INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFFS. STANDARD GUARANTY INSURANCE COMPANY breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

    X.    Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to STANDARD GUARANTY INSURANCE COMPANY. STANDARD GUARANTY INSURANCE COMPANY has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claims. STANDARD GUARANTY INSURANCE COMPANY reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. STANDARD GUARANTY

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

INSURANCE COMPANY investigation and use of adjusters' reports was an "outcome oriented investigation." STANDARD GUARANTY INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b) Failing to pay PLAINTIFFS claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c) Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STANDARD GUARANTY INSURANCE COMPANY the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS has substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STANDARD GUARANTY INSURANCE COMPANY as

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0366-15-F**

to any exclusion, condition, or defense pled by STANDARD GUARANTY INSURANCE COMPANY, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by STANDARD GUARANTY INSURANCE COMPANY violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS predecessor policy with STANDARD GUARANTY INSURANCE COMPANY. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0366-15-F

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, STANDARD GUARANTY INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFFS construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS pleads the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

XIII. JURY DEMAND

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

Electronically Filed
1/27/2015 11:03:22 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0366-15-F**

XIV.  REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that STANDARD GUARANTY INSURANCE COMPANY disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Pape Malick Djiba.
**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com

**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR PLAINTIFFS'*

15